**Anthony A. BUSH, Plaintiff— Appellant,**

v.

**GRAY; et al., Defendants—Appellees.**

No. 02–15605.

D.C. No. CV–01–01653–EJG.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT and GRABER, Circuit Judges.

MEMORANDUM **

California state prisoner Anthony A. Bush appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A for failure to state a claim. We have jurisdiction pursuant 28 U.S.C. § 1291. We re-

---

view de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we reverse and remand.

Bush alleged that prison officials negligently failed to make copies of his petition for review which was due for filing in the California Supreme Court two days later. His complaint referred to an attached exhibit showing that the California Supreme Court returned the petition unfiled because it was untimely and advised Bush that he could raise his claims in a state petition for habeas corpus. The district court dismissed Bush's complaint pursuant to section 1915A(b) because Bush did not allege that he was prevented from presenting the claims raised in his petition for review in a state habeas petition.

We reverse the district court's judgment and remand for further proceedings because we cannot say, at this early stage in the proceedings, that Bush failed to allege "actual injury" with respect to his pursuit of non-frivolous litigation. *See Lewis v. Casey*, 518 U.S. 343, 348–49, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (requiring inmate to show that alleged lack of access to courts resulted in "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim").

REVERSED and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.